## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. KEVIN BOOTH, Individually and as Trustee ad Litem for UTILITY WORKERS UNION OF AMERICA, AFL-CIO, SYSTEM LOCAL NO. 537, An Unincorporated Association,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN WATER WORKS SERVICE COMPANY, a Corporation,<br><br>Defendant | Civil Action No.<br><br>Civil Action Complaint |

## CIVIL COMPLAINT

### INTRODUCTION

AND NOW, comes the Plaintiff, J. Kevin Booth, Individually and as Trustee ad litem for Utility Workers Union of America, AFL-CIO, System Local No. 537, an unincorporated association, by his attorneys, Samuel J. Pasquarelli, Esquire and Sherrard, German & Kelly, P.C., and files the within Civil Action Complaint against the Defendant, averring in support thereof the following:

1. Plaintiffs bring this action to redress a violation of contract between the Plaintiff, Utility Workers Union of America, AFL-CIO, System Local 537, and the Defendant.

### PARTIES

2. Plaintiff J. Kevin Booth is an adult individual who resides in Washington County, Pennsylvania. Mr. Booth is also the President of Utility Workers Union of America, AFL-CIO, System Local 537.

3. Plaintiff, Utility Workers Union of America, AFL-CIO, System Local 537 ("the Union") is an unincorporated association, namely a labor organization, which entity is certified by the National Labor Relations Board as the collective bargaining representative of various employees of the Defendant American Water Works Service Company for collective bargaining relative to wages, hours and other terms and conditions of employment.

4. As part of its function of engaging in collective bargaining as described aforesaid, the Union has negotiated a tentative agreement with the Defendant dealing with the standards to be used to evaluate whether the Defendant's employees who are represented for collective bargaining purposes by the Union should be subject to discipline for alleged work place infractions and if they are to be subject to discipline, to what degree should they be disciplined. This tentative agreement has not been signed by the parties but it has been acknowledged and agreed to be followed by them. The parties have agreed that all such discipline should be for "just cause".

5. The Defendant, American Water Works Service Company ("American"), is a corporation with an office and place of business at 300 Galley Road, Peters Township, Washington County, Pennsylvania in the Western District of Pennsylvania.

## JURISDICTION AND VENUE

6. The claims asserted herein arise under the Labor Management Relations Act of 1947, a law of the United States. As such this Court has original jurisdiction pursuant to 29 U.S.C., Sec. 185.

7. By its contacts within this district, including the operation of facilities in Washington County, Pennsylvania, and other counties in the Western District of Pennsylvania, American does business within this district. Therefore, venue is proper in this district pursuant to 28 U.S.C., Sec. 1391, and 29 U.S.C., Sec. 185(a).

## STATEMENT OF FACTS

8. An individual by the name of Michael Sannikov began his employment with American prior to July 18, 2017 and at all times material hereto, Mr. Sannikov was one of the employees of American for whom the Union was the exclusive collective bargaining representative.

9. On or about July 18, 2017, American discharged Mr. Sannikov from its employment, contending that he had engaged in conduct which justified his discharge.

10. The discharge of Mr. Sannikov was not for just cause, generally and in the following particulars:

   a. The acts which American contended justified his discharge were acts which other individuals had engaged in and for which they were not discharged;

   b. The acts which American contended justified his discharge were acts that appeared to be justified by Mr. Sannikov based upon the information that was provided to him in the form of Defendant's records;

   c. The acts which American contended justified his discharge were acts that the training or lack of training which was provided to Mr. Sannikov by American led Mr. Sannikov to believe were justified.

3

11. An individual by the name of Bridget Adams began her employment with American prior to July 18, 2017 and at all times material hereto, Ms. Adams was one of the employees of American for whom the Union was the exclusive collective bargaining representative.

12. On or about July 18, 2017, American suspended Ms. Adams from its employment for a period of six days, contending that she had engaged in conduct which justified her suspension.

13. The suspension of Ms. Adams was not for just cause, generally and in the following particulars:

   a. The acts which American contended justified her suspension were acts which other individuals had engaged in and for which they were not suspended;

   b. The acts which American contended justified her suspension were acts that appeared to be justified by Ms. Adams based upon the information that was provided to her in the form of Defendant's records;

   c. The acts which American contended justified her suspension were acts that the training or lack of training which was provided to Ms. Adams by American led Ms. Adams to believe were justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court to:

(1) require the Defendant to promptly restore Michael Sannikov to the position of employment that he held immediately prior to July 18, 2017,

(2) require the Defendant to pay to Mr. Sannikov all sums that he would have earned as an employee of the Defendant from and after July 18, 2017 less any earnings derived by him from any source after July 18, 2017,

(3) require the Defendant to provide to Mr. Sannikov any benefits of employment that would have been provided to him from and after July 18, 2017 as an employee of the Defendant, and

(4) grant to the Plaintiffs and Mr. Sannikov all other relief deemed just and proper by the Court.

(5) require the Defendant to pay to Ms. Adams all sums that she would have earned as an employee of the Defendant during the period of her suspension from employment less any earnings derived by her from any source during her suspension from employment,

(6) require the Defendant to provide to Ms. Adams any benefits of employment that would have been provided to her during the period of her suspension from employment, and

(7) grant to the Plaintiffs and Ms. Adams all other relief deemed just and proper by the Court.

Respectfully submitted,

SHERRARD, GERMAN & KELLY, P.C.

By: /s/ Samuel J. Pasquarelli
Samuel J. Pasquarelli, Esquire
Attorneys for Plaintiffs
PA ID #00906
535 Smithfield Street
Suite 300
Pittsburgh, PA 15222-2319
(412) 355-0200
sjp@sgkpc.com
Attorneys for Plaintiffs